# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jerry Keenan,<br><br>　　　Plaintiff,<br><br>v.<br><br>Capital One, N.A.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC<br><br>　　　Defendants. | No. 4:25-cv-19<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1.　　This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Ward County, Texas and Defendants do business in Texas.

4.　　Personal Jurisdiction exists over Defendants as Plaintiff resides in Texas, Defendants have the necessary minimum contacts with the state of Texas, and this suit arises out of specific conduct with Plaintiffs with Texas.

**PARTIES**

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Ward, Texas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Texas.

8. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Texas.

9. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Texas.

10. Defendants Equifax, Experian, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Texas.

11. Equifax, Experian, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Equifax, Experian, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendants Equifax, Experian and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14. Defendant Capital One, N.A., ("Capital One") is a for profit corporation existing and operating under the laws of the State of Texas that engages in the business of furnishing consumer credit information.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Capital One, Equifax, Experian, and Transunion and has suffered particularized and concrete harm.

16. Equifax, Experian, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Equifax, Experian, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19. After reviewing Plaintiff's Equifax, Experian, and Transunion consumer reports, Plaintiff discovered a Capital One account, account number beginning 517805 (the "Account") being reported in error – specifically the Account is unknown to Plaintiff and believed to be the product of fraud.

20. Plaintiff submitted a Federal Trade Commission Identity Theft Report explaining why the Account is believed to be the product of fraud.

21. The Account has become a permanent component of Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

22. Equifax, Experian, and Transunion each published the false information regarding Plaintiff to third parties.

23. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

24. The Account overstates the number of delinquent accounts on Plaintiff's consumer reports and the amount of outstanding debt in Plaintiff's name.

**WRITTEN DISPUTE**

25. Plaintiff sent a written dispute letter to Equifax, Experian, and Transunion (collectively "Dispute Letters"), disputing the inaccurate information regarding the Account showing on Plaintiff's consumer reports.

26. Included with Plaintiff's Dispute Letters was a copy of the Identity Theft Affidavit submitted by Plaintiff.

27. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

28. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

29. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

30. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

31. Transunion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

32. Transunion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

33. At no point after receiving the Disputes did Defendants communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

34. Equifax relied on its own judgment and the information provided to it by Capital One rather than grant credibility to the information provided by Plaintiff.

35. Experian relied on its own judgment and the information provided to it by Capital One rather than grant credibility to the information provided by Plaintiff.

36. Transunion relied on its own judgment and the information provided to it by Capital One rather than grant credibility to the information provided by Plaintiff.

### COUNT I – Equifax, Experian, and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

39. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

40. After receiving the Transunion Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer reports.

41. Equifax, Experian, and Transunion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

42. As a result of this conduct, action and inaction of Equifax, Experian, and Transunion Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. The conduct, action, and inaction of Equifax, Experian, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

44. In the alternative, Equifax, Experian, and Transunion were each negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II – Equifax, Experian, and Transunion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

46. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

48. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

49. After receiving the Transunion Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

50. Equifax, Experian, and Transunion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in each Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

51. As a result of this conduct, action and inaction of Equifax, Experian, and Transunion Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. The conduct, action, and inaction of Equifax, Experian, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

53. In the alternative, Equifax, Experian, and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Capital One

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

55. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

56. After receiving Plaintiff's Disputes, Capital One failed to remove the false and misleading Capital One Account reporting on Plaintiff's consumer reports.

57. Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false and misleading representations to the consumer credit reporting agencies, among other unlawful conduct.

58. As a result of this conduct, action, and inaction of Capital One, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Capital One's conduct, action, and inaction were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Capital One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

61.     Plaintiffs is entitled to recover costs and attorneys' fees from Capital One pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2.     Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

3.     The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4.     Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:  April 30, 2025

/s/ Joseph Panvini
Joseph Panvini
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 612-5016
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com

Attorney for Plaintiff